# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>MIRZA MICHAEL REAZUDDIN,<br>[DOB: 07/09/1957]<br><br>                Defendant. | Case No. _____<br><br><u>COUNTS ONE through FOUR:</u><br>18 U.S.C. § 1343<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br><u>COUNTS FIVE through ELEVEN</u>:<br>18 U.S.C. § 1957<br>NMT 10 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br><u>ALLEGATION OF CRIMINAL</u><br><u>FORFEITURE</u><br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(1)<br>28 U.S.C. § 2461<br><br>$100 Mandatory Special Assessment Each Count |

## **I N D I C T M E N T**

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment.

### **Introduction**

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

2. As a part of the CARES Act, the Paycheck Protection Program (PPP) was created to provided forgivable loans to small businesses that were administered by the Small Business Administration (SBA) through corresponding financial institutions. The purpose of PPP was to provide support to small businesses and assist their payroll to their employees during the coronavirus pandemic.

3. In order to obtain a PPP loan, a business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications regarding its eligibility.

4. In the application, the small business's authorized representative was required to provide, among other things, the business's average monthly payroll expenses and number of employees. These figures were used to calculate the business's eligibility and the amount of money it could receive under the PPP. In addition, the businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

5. PPP loan proceeds were required to be used by the business for certain permissible expenses-payroll costs, interest on mortgages, rent, and utilities. In order to obtain a PPP loan, the small business's authorized representative was required to certify that the loan funds would be used for those expenses.

6. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven by the Small Business Administration if the business spent the loan proceeds on these permissible items within a designated period of time and used at least a certain percentage of the PPP loan for payroll expenses.

7. To gain access to funds through the PPP, small businesses applied through financial institutions participating in the PPP and received the loans directly from those financial institutions as the lender.

8. Participating financial institutions required applicants for PPP loans to provide truthful information, including truthful information about the business's ownership, operating expenses, and how the PPP loan would be used, which information was material to lenders' approval, terms, and funding of loans.

9. First Home Bank, located in St. Petersburg, Florida, was a financial institution participating in the PPP and its deposits were insured by the Federal Deposit Insurance Corporation.

10. Defendant Mirza Michael Reazuddin was a resident of Overland Park, Kansas, and claimed to be the owner of Grandview Hotel, LLC.

11. Grandview Hotel, LLC, was a Missouri corporation with an address of 5701 Longview Rd., Kansas City, MO, 64137. The registered agent for the corporation was Michael Reazuddin.

12. Defendant Mirza Michael Reazuddin maintained a bank account in the name of Grandview Hotel, LLC, at Wells Fargo Bank, located in Leawood, Kansas, account number XXX 7761.

## COUNTS ONE AND TWO

The Grand Jury further charges:

13. The allegations in paragraph one through 12 of this indictment are incorporated as if fully set forth herein.

## The Scheme to Defraud

14. From in or around June 2020, to enter and around February 2021, in the Western District of Missouri and elsewhere, the defendant Mirza Michael Reazuddin, participated in the scheme and artifice to defraud the First Home Bank, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of that institution, by means of false and fraudulent pretenses, representations and promises, while knowing that the pretenses, representations and promises were false and fraudulent.

15. It was part of the scheme and artifice to defraud that defendant Mirza Michael Reazuddin submitted two fraudulent PPP loan applications for Grandview Hotel, LLC.

16. On or about June 25, 2020, defendant Mirza Michael Reazuddin submitted a fraudulent PPP loan application to the First Home Bank in the name of Grandview Hotel, LLC, requesting a loan in the amount of $384,100. The loan application had the following false statements:

   a. The application stated that Grandview Hotel, LLC, was an operating business with an average monthly payroll of $148,680. In fact, Grandview Hotel, LLC, ceased business operations on or about March 2018;

   b. The application stated that defendant Mirza Michael Reazuddin was an 85% owner of the corporation. The defendant was not an 85% owner of Grandview Hotel, LLC.

   c. Defendant Reazuddin submitted false documents in support of the application, including:

  i.  2019 and 2020 Forms 941, Employer's Quarterly Federal Tax Return for Grandview Hotel located at 5701 Longview Rd., Kansas City, MO;

  ii.  a 2019 Form 940, Employer's Annual Federal Unemployment Tax Return for Grandview Hotel located at 5701 Longview Rd., Kansas City, MO;

  iii.  a 2019 Form W – 3 Transmittal of Wage and Tax Statements for Grandview Hotel; and

  iv.  a 2019, Form 1065, U.S. Return of Partnership Income for Grandview Hotel.

All of these documents were false and fraudulent and not filed with the Internal Revenue Service (IRS).

17.  On or about January 26, 2021, defendant Mirza Michael Reazuddin submitted a fraudulent PPP loan application to the First Home Bank in the name of Grandview Hotel, LLC, requesting a loan in the amount of $420,000. The loan application had the following false statements:

  a.  The application stated that Grandview Hotel, LLC, was an operating business with an average monthly payroll of $120,000. In fact, Grandview Hotel, LLC, ceased business operations on or about March 2018.

  b.  Defendant Reazuddin submitted to First Home Bank a 2020 Forms 941, Employer's Quarterly Federal Tax Return for Grandview Hotel located at 5701 Longview Rd., Kansas City, MO. The return listed the number of

employees during the calendar year 2020 as between 68 and 53. In fact, Grandview Hotel, LLC, was not in operation during 2020 and these quarterly returns were never filed with the IRS.

18. It was further part of the scheme and artifice to defraud that, as a result of the fraudulent PPP loan applications, a Wells Fargo bank account under the control of defendant Mirza Michael Reazuddin received a total of $804,100. Specifically:

    a. On July 14, 2020, First Home Bank wire transferred $384,100 to Wells Fargo Bank account XXX 7761, in the name of Grandview Hotel, LLC.

    b. On February 22, 2021, First Home Bank wire transferred $420,000 to Wells Fargo Bank account XXX7761, in the name of Grandview Hotel, LLC.

19. On or about the following dates, in the Western District of Missouri and elsewhere, the defendant Mirza Michael Reazuddin, having devised and intending to devise the aforementioned scheme and artifice to defraud the SBA and First Home Bank, for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted in interstate commerce, wire and radio sounds, and signals, that is, electronic wire transmissions of PPP loan documents and wire transfers of funds, each of which constitutes the execution of the fraudulent scheme and a separate count of this indictment:

| Count | Date | Act |
|---|---|---|
| 1 | 06/25/2020 | Fraudulent PPP loan application submitted to First Home Bank |
| 2 | 07/14/2020 | Wire of $384,100 PPP funds from First Home Bank to Wells Fargo Bank |
| 3 | 01/26/2021 | Fraudulent PPP loan application submitted to First Home Bank |
| 4 | 02/22/2021 | Wire of $420,000 PPP funds from First Home Bank to Wells Fargo Bank |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS FIVE - ELEVEN
(Monetary Transaction of Criminally Derived Property)

20. Paragraphs 1 through 18 are hereby realleged, as if fully set forth herein.

21. On or about the dates listed below, in the Western District of Missouri, and elsewhere, the defendant Mirza Michael Reazuddin, did knowingly engage and attempt to engage in the following monetary transactions by, through and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the proceeds of the wire fraud scheme, in violation of Title 18, United States Code, Section 1343, each such monetary transaction constituting a separate count of this indictment:

| Count | Date | Monetary Transaction from Wells Fargo Bank account number XXX7761 |
|---|---|---|
| 5 | 07/14/2020 | $100,000 wire transfer to Wells Fargo Bank account number XXX 8958 |
| 6 | 07/14/2020 | $100,000 wire transfer to Wells Fargo Bank account number XXX 8958 |
| 7 | 07/31/2020 | $150,000 wire transfer to Wells Fargo Bank account number XXX 0940 |
| 8 | 07/31/2020 | $20,000 wire transfer to Wells Fargo Bank account number XXX0957 |
| 9 | 05/12/2021 | $200,000 wire transfer to Wells Fargo Bank account number XXX9231 |

| 10 | 05/12/2021 | $200,000 wire transfer to Wells Fargo Bank account number XXX9231 |
| 11 | 05/12/2021 | $15,000 wire transfer to Wells Fargo Bank account number XXX9231 |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

22. The allegations of Counts One through Four of this indictment are hereby repeated and re- alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461.

23. Upon conviction of any of the offenses listed in Counts One through Four of this indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); including but not limited to a money judgment in the amount of at least $804,100 representing proceeds traceable to the offense.

24. Upon conviction of any of the offenses listed in Counts Five through Eleven of this indictment, the defendant shall forfeit to the United States any property, real or personal, involved in these offenses or any property traceable to each property, pursuant to Title 18, United States Code, Section 982(a)(1); including but not limited to a money judgment representing proceeds traceable to the offense.

25. If any property described in the above paragraph, as a result of any act or omission of the defendant -

    (1) cannot be located upon the exercise of due diligence;

(2) has been transferred to, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; and/or;

(5) has been commingled with other property that cannot be subdivided without difficulty.

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant.

A TRUE BILL.

 04/04/2023  
DATE

*/s/ Gene Stattelman*  
FOREPERSON OF THE GRAND JURY

*/s/ Paul Becker*  
Paul S. Becker  
Assistant United States Attorney  
Western District of Missouri