IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.  23-00067-01-CR-W-BP |
| MIRZA REAZUDDIN, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO APPEAL
OF MAGISTRATE JUDGE'S DETENTION ORDER**

The United States of America, by and through its undersigned counsel, submits this response to the defendant's Appeal of Magistrate Judge's Detention Order and Request for Immediate Release with Conditions. (Doc. 22.) The Government opposes the defendant's release as the defendant is a serious risk of flight and a serious risk that he would obstruct or attempt to obstruct justice in this case.

**I.    Order of Detention**

On April 25, 2023, Magistrate Judge Russell G. Vineyard entered an order of detention pending trial finding "by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (D.E. 3)[1] The Court also noted reasons for detention included (1) prior criminal history; (2) prior attempts to evade law enforcement; and (3) use of aliases or false documents. The Court added the following as other reasons or further explanation:

> Defendant is charged with PPP loan fraud. He has a prior conviction for providing a false identification to an officer and a history of fleeing from officers who came to his home in response to a domestic violence incident. There is an active warrant for his arrest for

---

[1] Docket Entry for Rule 5(C)(3) documents received from the Northern District of Georgia.

simple assault and when officers attempted to arrest him today, he was found hiding in the trunk of a car. He has substantial assets and proceeds of fraud have not been recovered.

The defendant filed a motion in this district for a review of the detention order. The defendant argued that he was not a serious risk of flight or a risk of obstruction. After a review of the record, including a transcript of the detention hearing, the Magistrate Judge in this District issued an order finding "by a preponderance of the evidence that no condition or combination of conditions of release will assure the defendant's appearance as required." (D.E. 19.)

On July 12, 2023, the defendant filed an appeal of the Magistrate Judge's detention order once again arguing that he is not a risk of flight. United States opposes the defendant's request for release as he has continued to assert false information to the court and demonstrated that he is a significant risk of flight. *De novo* review is the proper standard for the district court to apply in reviewing a magistrate's order of pretrial release. *United States v. Adipietro*, 773 F. Supp. 1270, 1271 (W.D. MO 1991.)

II.     **Serious Risk of Flight**

The defendant asserts, as he did in the original motion to the magistrate judge, that he "is a citizen of the United States and has lived in Missouri since 2012." This contention is simply not true. First, the defendant was arrested in Georgia. The defendant purchased the Lawrenceville, Georgia, house in August 2020 using PPP loan funds. The defendant had also obtained a Georgia driver's license.

Second, a review of the defendant's immigration records (A File) indicates he is not a citizen of the United States and has used multiple names and dates of birth during his time in this country. The name on the immigration file is Mirza Riaz Uddin with the date of birth of 09/17/1957. The date of birth on the indictment is 07/09/1957. A copy of an Indian passport in the file lists the name

2

as Mirza Reazuddin with the 09/17/1957, date of birth. The documents in the file indicate that he is not a US citizen but became a permanent resident in 1984. The defendant applied for naturalization, but the application was denied due to abandonment in 2000.

The evidence is clear that the defendant is not a citizen of the United States and not a resident of the State of Missouri.

Circumstances of the Arrest

The defendant again argues that his detention was based on some inference that he was disguising himself by wearing a hairpiece. A review of the transcript from the Georgia detention hearing fails to support that contention. The focus of the hearing was the defendant being found hiding in the trunk of a car after an hour-long search of his home. Additionally, the court inquired about the circumstances of his fleeing from police on a domestic violence incident in Johnson County, Kansas.

On April 25, 2023, Special Agents with the IRS-CI executed an arrest warrant for the defendant at his residence in Lawrenceville, Georgia. The arrest team arrived at 1925 Severbrooke Pl., Lawrenceville, Georgia, at approximately 6:00 AM. The arrest team was comprised of eight IRS-CI Special Agents and two Gwinnett County Police Officers with two marked cars on the street with emergency lights on. The arrest team knocked and announced at the front door for approximately 15 minutes before withdrawing from the area.

The case agent attempted to contact the defendant on his cell phone multiple times but there was no answer. The arrest team obtained a key for the residence and returned at approximately 8:15 AM. The arrest team knocked and announced at the front door, but there was no answer. The arrest team moved through the main floor, both garages, second floor, basement, crawl space, and attic of the home in search of the defendant. The arrest team loudly announced "police" throughout

3

the search and verbally instructed anyone in the home to come out and show themselves to the arrest team. After approximately an hour, the team searched a third garage and observed two cars parked in the area. The team searched the trunk of a Chrysler sedan and found the defendant in the trunk wearing pants, shirt, and shoes. He was holding two cell phones when found inside the trunk.

In his appeal, the defendant again states that "he had no idea federal agents were in pursuit, and certainly did not concoct a plan to fool them (with the hairpiece). . . . A similar conclusion was reached when he was supposedly found "hiding" in the trunk of his car. Again, when the agents went to arrest him, they arrived completely by surprise. He had been in the back of his car to push the back seat in to have more room to place a television in the trunk." (D.E. 22 at 7.) According to the agents, there was no TV in the trunk, vehicle, or garage area where the defendant was found.

The defendant is a serious risk of flight and there are no conditions or combination of conditions that can assure the court of his appearance for future hearings in this case. The defendant is not a citizen and falsely claims that he was born in this country. Further, as exhibited by the defendant's actions at the time of his arrest, he appears willing to take extreme measures to avoid facing the charges in this case. Additionally, prior to his arrest in this case, there were outstanding warrants from Johnson County, Kansas, and he did not take any steps to appear in that jurisdiction.

### III. <u>Serious Risk of Obstruction</u>

As noted in the defendant's appeal, the defendant is in the process of a divorce from his current spouse. The spouse is listed as a principal in a corporation which received a Paycheck Protection Program (PPP) loan which is still under investigation in this case. It is anticipated that the spouse may be a witness in this case. There are outstanding charges against the defendant in

4

the District Court of Johnson County, Kansas, for domestic assault and making criminal threats against his spouse. (Case Nos. 22DV01809 & 23DV00582.) In the threat case, it is alleged that the defendant threatened to kill his spouse and children with an AK-47.

### IV. Bond Factors

The factors to be considered by the Court in determining whether release will assure the presence of the defendant and the safety of the community are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The indictment in this case charges the defendant with wire fraud and money laundering. The Government submits that the evidence is strong as the defendant obtained multiple Paycheck Protection Program loans for a business that he no longer owned or operated. In these two loans, the defendant fraudulently obtained $804,100.

The defendant no longer has ties to the Kansas City area and has proposed a third-party custodian who resides in the Northern District of Illinois. The defendant has not provided any information regarding this third-party custodian. At the time of his arrest in Georgia, the defendant had two outstanding warrants for serious charges in the District Court of Johnson County, Kansas.

Finally, as outlined above, it appears from the charges in Johnson County that the defendant would be a danger to others in the community.

All these factors support the detention order entered by the Magistrate Judge. The Government opposes the defendant's motion for release on bond in this case and requests that the court deny the defendant's motion for release.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    */s/ Paul S. Becker*

       Paul S. Becker
       Assistant United States Attorney
       Fraud and Corruption Unit

       Charles Evans Whittaker Courthouse
       400 East 9th Street, Fifth Floor
       Kansas City, Missouri 64106
       Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 3, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney