# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.  Case No. 23-cr-00067-BP

**MIRZA MICHAEL REAZUDDIN,**
**Defendant.**

## MOTION FOR RELEASE PENDING SENTENCING IN ACCORDANCE WITH 18 U.S.C. § 3142(c)

**COMES NOW** the Defendant, by and through counsel, David McDonald, in accordance with the Federal Rules of Criminal Procedure, hereby mores the court for his release from custody in accordance with 18 U.S.C. § 3142. In support of this motion, the defense states as follows:

## BACKGROUND

The Defendant was initially arrested in Georgia on 4/4/2023. His detention was ordered by the local magistrate judge and continues until today. Pervious defense counsel filed a motion to reconsider the prior detention order on 6/29/23 which was denied. The defense than appealed the order denying the motion to reconsider detention. Chief Judge Beth Phillips then reviewed the issue of detention *de novo* and affirmed the detention order on 8/25/2023. The Defendant then retained current counsel in November of 2023.

The defense and prosecution negotiated a resolution to the matter in December of 2023. Prior to entering of his plea, but after agreeing to the terms of it, the Defendant sat down with the Assistant United States Attorney and the Internal Revenue Service investigators involved in this case to answer questions and give additional information. The Defendant then entered into Guilty

pleas in this case on 2/5/2024 to counts 4 and 5 only.  Upon entry of the plea, the defense brought medical concerns to the Courts attention and asked for release pending sentencing. The Court requested a formal motion before conducting a hearing on the Defendant's request for release. The Defendant executed medical releases on 2/6/2024 and began collecting at that time.  The Defendant has since completed his presentence investigation interview and is awaiting sentencing on June 26th, 2024.

Although the presentence investigation report has not yet been adopted by the Court, it is contemplated that the defendant's exposure will be at an offense level of 22. The Defense will request a sentence reduction of at least 5 points. With 3 points being for acceptance or responsibility and 2 points for being a zero-point offender. This would result in an offense level of 17 and a level I criminal history resulting in a proposed sentence of 24-30 months of incarceration. The defendant has been in custody for approximately a year and is currently held in the Leavenworth prison in Leavenworth, Kansas.

## PERVIOUS GROUNDS FOR DETENTION

The defendant's detention was initially order by Hon. Russell Vinyard, Chief Magistrate Judge out of the Northern District of Georgia.  In ordering the Defendant detained, Judge Vinyard stated, "[Defendant] has a prior conviction for providing a false identification to an officer and a history of fleeing from officers who came to his home in response to a domestic violence incident. There is an active warrant for his arrest for simple assault and when officers attempted to arrest him today, he was found hiding in the trunk of a car. He has substantial assets and proceeds of fraud have not been recovered."

The Hon. Chief Judge Phillips echoed Judge Vinyard's statements when she upheld the Defendant's detention on August 25th, 2023.  The Court stated, "In short, Defendant has a history

of evading the authorities, and now allegedly has access to significant funds. The Court is not persuaded it can impose conditions that will assure Defendant's presence at future proceedings."

## MATERIAL CHANGES IN CIRCUMSTANCES CONCERNING RELEASE

a. **Cooperation with Authorities:**

The Court has repeatedly referenced the Defendant evading authorities in ordering the Defendant detained. While it remains true that the defendant has, in the past, evaded authorities and the criminal justice system, it does not remain true today. Immediately after current counsel reviewed the discovery with the Defendant, the Defendant desired to resolve his case by entering a plea and has since done that. The Defendant also now met with the IRS agents investigating this case and the AUSA of record and offered to provide any cooperation requested.

Current Defense Counsel, David McDonald, has also been retained to represent the Defendant with his assault case out of Johnson County. The defendant's bond is minimal in the assault case out of Johnson County. Upon release from incarceration in this case, the Defendant will surrender, post bond and set the Johnson County assault case for trial. The Defendant, with the assistance of Counsel is no longer running from or evading the criminal justice system.

b. **Lack of Access to Funds:**

In denying the Defendant's previous requests for release, the Court has referenced the Defendant having access to significant funds as a concern. This is not the case. As part of entering his plea in this case, the Defendant agreed to a forfeiture action of his real property in Georgia and the government has since filed a *lis pendens* action concerning the property.

The Defendant is also going though a divorce in 23CV2226 out of Johnson County. In this case, there is a temporary order concerning finances. As part of the pre-sentence investigation, it was disclosed that the defendant has very limited funds. It is the hope of the defense that the Georgia real property will cover any amount owed by the defendant to the victim/government as part of the sentence in this case.

c. **Urgent Medical Concerns:**

The Defendant is 67 years of age and has a significant health history which includes; hypertension, cardiomyopathy, right side heart failure and a history of pulmonary embolus. Prior to his incarceration, the Defendant was seeing Dr. Sosland regularly for follow up visits and testing. Dr. Sosland indicates in the attached letter that, "Since he does have a significant cardiac history it is important to monitor the patient's symptoms carefully and if needed, have access to medical treatment in a timely manner."

Since his incarceration, the Defendant's health has declined to the point he is concerned he will lose his leg due to atrophy. His right leg has turned black and scaly. The defendant reports that he has been told that amputation is likely if he is not able to be released and receive the proper treatment for his declining health. The defense has only recently received the Defendant's medical records from the Leavenworth BOP. The Defense anticipates issuing a subpoena for the Defendant's treating physician at Leavenworth BOP so that more light can be shown on the Defendant's health concerns.

The Defendant has never been incarcerated like this and his mental and physical health are drastically declining as a result. Over the last 90 days, the defendant has started struggling with walking and now walks with a significant limp. He has also shown signs of

dementia or of memory loss.  He has started stopping midsentence and has no recollection what was even being discussed.  It is quite sad really.

### **RELEASE PLAN:**

    The Defendant is requesting release in accordance with 18 U.S. Code § 3142 (2) on a condition or combination of conditions that the Court sees fit. The Defendant has resided in the Kanss City metro area for many years.  He has owned a home at 6012 W 142nd st, Overland Park, KS since 2017.  However, he is not allowed to return to this property as possession of it has temporarily be granted to his estranged wife.   If the Defendant is granted release, he will be residing at the Extended Stay America – County Club Plaza located at 4535 Main St., Kansas City, Missouri 64111.

    Once released, the Defendant will immediately begin treatment for his multiple health ailments.  He will engage with Dr. Sosland and seek additional help concerning his mental health lapses.  If released, he will attend Court in Johnson County, Kansas where his divorce proceedings are ongoing and meet regularly with his attorneys.

    The Defendant will not be without help if he is released.  The Defendant has three adult children and an ex-wife/mother of children who are all actively involved in his life.  The Defendant's oldest Daughter, Sabrina Uddin is a practicing dermatologist in Southern California.  The Defendant's other daughter, Sara has attended medical school and is currently working outside of Chicago.  The Defendant has an adult son who has severe disabilities who would benefit greatly from seeing his farther in person.

**WHEREFORE,** the defense humbly requests the Court set this matter for a hearing and eventually release the Defendant in accordance with 18 U.S. Code § 3142 (2).

Respectfully submitted,

/s/ _____
David McDonald, KS#24434, MO#74073
100 East Park Street – Suite 8
Olathe, KS 66061
Ph: (913) 210-0844
dave@riveralawoffice.com
Attorney for the Defendant

## CERTIFICATE OF SERVICE

      I, David McDonald, hereby certify that a copy of the above and foregoing **Motion** was served on the prosecution, by electronic the date of filing.

                                                /s/
                                      David McDonald