IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )  Case No. 23-00067-01-CR-W-BP
)
MIRZA MICHAEL REAZUDDIN, )
)
Defendant. )

## ORDER DENYING MOTION FOR RELEASE FROM CUSTODY

Defendant was indicted in April 2023 on four counts of wire fraud in violation of 18 U.S.C.
§ 1343 and seven counts of money laundering in violation of 18 U.S.C. § 1957. (Doc. 1.)  These
charges were based on Defendant's (1) allegedly fraudulent applications for loans under the
Paycheck Protection Program ("the PPP"), (2) receipt of more than $800,000 based on those
applications, (3) and subsequent use or disposition of those funds.  The Indictment also included a
forfeiture allegation.

Later in April 2023, Defendant was arrested in the Northern District of Georgia, where the
Honorable Russell G. Vineyard, United States Magistrate Judge for that District, granted the
Government's Motion asking that Defendant be detained.  In late May—after being brought back
to this District—Defendant filed a Motion for Detention Hearing and for reconsideration of Judge
Vineyard's Detention Order.  The Honorable Jill A. Morris, United States Magistrate Judge for
this District, denied the Motion; Defendant appealed, and the undersigned affirmed.  (Doc. 26.)

In February 2024, Defendant pleaded guilty to Counts IV and V; the Plea Agreement also
agrees to the forfeiture of certain funds and real property.  (Doc. 42.)  At the Change of Plea

Hearing, Defendant requested release pending sentencing, but the Court directed that he file a formal Motion and his detention was continued. Sentencing is set for June 26, 2024. (Doc. 44.)

Now pending is Defendant's Motion for Release Pending Sentencing. The Court has considered Defendant's arguments and concludes his Motion, (Doc. 45), should be **DENIED**.

A person who has been found guilty and is awaiting sentencing must be detained unless, among other circumstances not relevant here exist, the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . ." 18 U.S.C. § 3143(a). Here, the Court discussed these issues when it denied Defendant's request for pretrial release and observed as follows:

> In December 2022, Defendant fled when officers came to his home in Kansas in response to a domestic violence call. With respect to this case, federal agents attempted to contact Defendant to serve the arrest warrant by, among other things, knocking on his door, and the circumstances suggest Defendant was aware the agents were there to arrest him. When he did not respond, agents went in the house, and eventually found him hiding in the trunk of his car. Defendant also has been arrested twice and convicted once for using false identification. These incidents are more than twenty years old, but they are relevant when considering whether Defendant is a flight risk—particularly given that the proceeds of the crime charged here have not been recovered.

(Doc. 26, pp. 2-3.)[1]

Defendant points to his guilty plea and offer to cooperate with authorities in this case as proof that he is no longer a risk of fleeing or otherwise obstructing proceedings. However, these facts are not so unusual or compelling that they overcome Defendant's past actions. Defendant also points out that his access to funds has been diminished by virtue of the Government's filing of a *lis pendens* on the real property that is to be forfeited. Nonetheless, in light of Defendant's past efforts to avoid authorities, the Court is not persuaded that the lack of funds is enough to demonstrate by clear and convincing evidence that Defendant is not a flight risk. Moreover, the

---

[1] Unless otherwise indicated, all page numbers are those generated by the Court' CM/ECF system.

2

Government represents (and Defendant does not dispute) that he faces charges in state court for domestic assault and making criminal threats to his spouse, which is additionally significant because she is a principal in the corporation which received the PPP loan.

Defendant also raises concerns about his medical care and has supplied a letter from a doctor. The doctor last saw Defendant nearly two years ago, and describes him as suffering from hypertension, cardiomyopathy, and other health issues—but the doctor only indicates Defendant requires "continued testing in order to continue treatment of his cardiac issues" and does not suggest Defendant currently requires urgent treatment. (Doc. 45-1.) Defendant is also critical of the medical care provided to him at Leavenworth BOP, but, in his initial Motion, he provided no reason to believe the facility is unable or unwilling to provide the medical care he needs. In his Reply Suggestions, Defendant represents (1) the BOP's medical records do not reflect all his complaints, including complaints about chest pains, and (2) he is unable to make requests for medical treatment in writing or via email, (Doc. 47, p. 3), but he did not provide any medical records or other documentation confirming his assertions, and the Court is not persuaded presentencing release is justified.

Defendant argues that circumstances have changed, and he should be released pending sentencing. However, the Court is not persuaded that they have changed to the point that the Court can find, by clear and convincing evidence, that Defendant is not a flight risk or a risk of danger to others. Accordingly, his Motion, (Doc. 45), is **DENIED**

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: April 25, 2024          UNITED STATES DISTRICT COURT

3