# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 23-00067-CR-W-BP |
| **MIRZA MICHAEL REAZUDDIN,** | |
| **Defendant.** | |

## MOTION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS

The United States of America respectfully moves this Court for a preliminary order of forfeiture as to defendant, Mirza Michael Reazuddin, for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

## SUPPORTING SUGGESTIONS

1. On April 4, 2023, a federal grand jury sitting in the Western District of Missouri returned an 11-count Indictment against the defendant, Mirza Michael Reazuddin (hereinafter, "Defendant"), charging him with wire fraud, in violation of Title 18, United States Code, Section 1343, and money laundering, in violation of Title 18, United States Code, Section 1957. ECF No. 1.

2. The forfeiture allegation of the Indictment sought forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any property, real or personal, constituting or derived from proceeds traceable to Defendant's wire fraud, including but not limited to a money judgment in the amount of at least $804,100. The forfeiture allegation further sought forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real or personal, involved in Defendant's money laundering activity,

and any property traceable to such property, including but not limited to a money judgment in an amount of the proceeds traceable to money laundering.

3. On December 21, 2023, a Notice and Bill of Particulars for Forfeiture of Property was filed by the United States, giving notice that it was seeking forfeiture of the real property, together with all its buildings, appurtenances, and improvements, known as 1925 Severbrook Place, Lawrenceville, Georgia, which is more fully described as follows:

> All that tract or parcel of land lying and being in Land Lot 83, of the 7th District, Gwinnett County, Georgia, being Lot 71, Block A, Clairemont F.K.A. Sever Creek, as per plat recorded in Plat Book 107, Page 300, and 108, Page 1, Gwinnett County, Georgia records, said plat being incorporated herein and made a part hereof by reference.

(hereinafter, the "Subject Property"). ECF No. 36. The Bill of Particulars advised that the United States was seeking forfeiture of the above-described real property as constituting or derived from proceeds Defendant obtained directly and indirectly as a result of Defendant's wire fraud, and/or as property involved in Defendant's money laundering activity or property traceable to such property. *Id.*

4. On February 5, 2024, Defendant pleaded guilty, pursuant to a written plea agreement, to Counts Four and Five of the Indictment, and agreed to forfeit his interest in the Subject Property. ECF No. 42. Defendant further agreed to the imposition of a money judgment in the amount of $804,100, representing proceeds he personally obtained in connection with the wire fraud scheme alleged in Count Four. *Id.*

5. The Court's jurisdiction in this matter is founded in part upon Title 18, United States Code, Section 981(a)(1)(C), which provides that the following property is subject to forfeiture to the United States:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . this title or any offense constituting "specified

2

Case 4:23-cr-00067-BP   Document 51   Filed 05/20/24   Page 2 of 6

unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

The Court's jurisdiction in this matter is also founded upon Title 28, United States Code, Section 2461(c), which provides:

> If a person is charged in a criminal case with a violation of Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substance Act (21 U.S.C. § 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

The Court's jurisdiction in this matter is also founded upon Title 18, United States Code, Section 982(a)(1), which provides that:

> The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

6. Rules 32.2 (b)(1)(A), (b)(1)(B), (b)(2)(A), and (b)(3), of the Federal Rules of Criminal Procedure, provide that:

> (b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b)(2)(A) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7. To obtain an order of forfeiture pursuant to Rule 32.2(b), the United States must establish the required nexus between the subject property and the offense(s) of conviction by a preponderance of the evidence. *See United States v. Garbacz*, 33 F.4th 459, 472 (8th Cir. 2022).

8. Based upon the evidence set forth in the plea agreement, the United States has established the requisite nexus between the Subject Property and the offenses to which Defendant has pleaded guilty, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1). Specifically, the United States has established that the Subject Property constitutes or was derived from proceeds obtained, directly and indirectly, as a result of the aforementioned offenses, and/or property used or intended to be used to commit, or to facilitate the commission of, the offenses. Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

9. The United States requests that the Court orally announce the final calculated amount of the money judgment at the time of sentencing and include the final calculated amount of the money judgment in its Judgment and Commitment Order. *See* Fed. R. Crim. P. 32.2(b)(4)(B).

10. In accordance with the provisions of Title 21, United States Code, Section 853(p), and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it

be permitted to seize the specific property subject to forfeiture, whether held by Defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

11. Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to Title 21, United States Code, Section 853, the United States will publish for at least 30 consecutive days on the government's official web site, [www.forfeiture.gov](www.forfeiture.gov), notice of the Preliminary Order of Forfeiture, notice of the Department of Treasury's intent to dispose of the Subject Property in such manner as the Secretary of the Treasury may direct, and notice that any person, other than Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court (and serve a copy on Stephanie C. Bradshaw, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

Accordingly, the United States respectfully moves this Court for a Preliminary Order of Forfeiture, as proposed in the attached Order, authorizing the United States to seize the Subject Property identified herein, and to begin proceedings consistent with the requirements of Title 21, United States Code, Section 853(n). The United States also requests that this Court enter an Order directing a money judgment against Defendant, individually, in the amount of $804,100.

Respectfully submitted,

**TERESA A. MOORE**
United States Attorney

By

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney