# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.                                        Case No. 23-cr-00067-BP

**MIRZA MICHAEL REAZUDDIN,**
**Defendant.**

## DEFENDANT'S RESPONSE TO THE UNITED STATES' MOTION FOR A PRELIMINARY ORDER OF FOREFEITURE WITH SUGGESTIONS

Defendant Mirza Michael Reazuddin by and through his Counsel hereby files his response to the motion of United States for a preliminary order of forfeiture with supporting suggestions and states as follows:

1. The real property was acquired the property in June 2021 for $925,000. During 2021 and 2022, defendant did $145,000 of upgrades to the property by completing the basement, updating the kitchen and bathroom, installing window shutters, renovating the deck, and interior/exterior paint work. These upgrades likely increased value of the property in excess of $1,000,000. Defendant's total restitution indebtedness as per the plea agreement is $804,100. A part of the purchase price, as well as the funds used for the upgrade were personal funds that have no nexus to the proceeds derived from defendant's offenses and therefore not subject to any forfeiture.

2. Since the value of the forfeited property likely exceeds Defendant's total restitution indebtedness there will be an offset in favor of the defendant since "[a] victim's total

aggregate recovery... shall not exceed the full amount of the victim's demonstrated loss", 18 U.S.C. 2259(c). In the instant case, the amount of loss is $804,100. Restitution is compensatory, not punitive, and in a fraud case it is limited to the actual loss directly caused by the Defendant's criminal conduct in the course of the scheme alleged in the indictment. United States v. Lundstrom, 880 F.3d. 423,446 (8th Cir. 2018), United States v. Chaika, 695 F.3d. 741,748 (8th Cir. 2012). The amount of the restitution cannot exceed the actual provable loss realized by the victim. United States v. Martinez, 690 F.3d. 1083,1088 (8th Cir. 2012), United States v. Gammell, 932 F.3d. 1175,1180 (8th Cir. 2019). Once victim's provable loss has been fully satisfied, defendant is entitled to an offset against the funds recovered from the sale of the forfeited collateral. United States v. Ruff, 420 F.3d. 772,775 (8th Cir 2005) (remanding trial court to determine if defendant could establish right to offset). United States v. Serawop, 505 F.3d. 1112,1127 (10th Cir. 2007).

      3. The Defendant, on his own accord, has also filed a Lis Pendens in favor of the United States in the Superior Court of Gwinnett County, Georgia, File No. 9842846177. He also, simultaneously executed a Quit Claim Deed in favor of the United States conveying all of his interests to the United States Government in an effort to demonstrate extraordinary acceptance of responsibility and to make full restitution as soon as possible.

      4. The Defendant asks, due to the high value of the property, that sale of the forfeited real estate in a commercially reasonable manner as to maximize its sale potential.

**WHERETOFORE**, defendant requests that this court will issue the preliminary forfeiture order, doing so in a commercially reasonable manner and not allow for restitution greater than the actual loss to the victim.

Respectfully submitted,

_____
David McDonald, KS#24434, MO#74073
100 East Park Street – Suite 8
Olathe, KS 66061
Ph: (913) 210-0844
dave@riveralawoffice.com
Attorney for the Defendant

## CERTIFICATE OF SERVICE

      I, David McDonald, hereby certify that a copy of the above and foregoing **Response** was served on the prosecution, by electronic the date of filing.

      _____

      David McDonald