IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MIRZA MICHAEL REAZUDDIN,** <br><br> **Defendant.** | **Case No. 23-00067-CR-W-BP** |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. In the Forfeiture Allegation of the Indictment in this case, the United States sought forfeiture of any property, real or personal, constituting or derived from proceeds traceable to Counts One through Four, including but not limited to a money judgment in the amount of at least $804,100 representing proceeds traceable to wire fraud, and any property, real or personal, involved in Counts Five through Eleven, and any property traceable to such property, including but not limited to a money judgment in an amount of the proceeds traceable to money laundering. ECF No. 1.

In the Notice and Bill of Particulars for Forfeiture of Property filed on December 21, 2023, the United States further gave notice of its intent to forfeit the real property, together with all its buildings, appurtenances, and improvements, known as 1925 Severbrook Place, Lawrenceville, Georgia, more fully described as follows:

> All that tract or parcel of land lying and being in Land Lot 83, of the 7th District, Gwinnett County, Georgia, being Lot 71, Block A, Clairemont F.K.A. Sever Creek, as per plat recorded in Plat Book 107, Page 300, and 108, Page 1, Gwinnett County, Georgia records, said plat being incorporated herein and made a part hereof by reference.

ECF No. 36.

On February 5, 2024, the defendant, Mirza Michael Reazuddin, entered into a plea agreement with the United States, pursuant to which he agreed to plead guilty to Counts Four and Five of the Indictment, charging violations of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 1957, and to forfeit to the United States his interest in the property identified in the Forfeiture Allegation and the Bill of Particulars. ECF No. 42.

The Court has determined, based upon the evidence set forth in the plea agreement, that the United States has established the requisite nexus between the property described herein, in the Forfeiture Allegation, and in the Bill of Particulars, and the offense to which the defendant has pleaded guilty.

By virtue of the plea agreement, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 18, United States Code, Section 982(a)(1).

Accordingly, it is hereby ORDERED:

1. Based upon the plea agreement, the Forfeiture Allegation, and the Bill of Particulars, the following property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n) (third-party provisions):

> Real property, together with all its buildings, appurtenances, and improvements, known as 1925 Severbrook Place, Lawrenceville, Georgia, more fully described as follows:
>
> All that tract or parcel of land lying and being in Land Lot 83, of the 7th District, Gwinnett County, Georgia, being Lot 71, Block A, Clairemont F.K.A. Sever Creek, as per plat recorded in Plat Book 107, Page 300, and 108, Page 1, Gwinnett County, Georgia records, said plat being incorporated herein and made a part hereof by reference.

2. Furthermore, the defendant shall pay to the United States $804,100, as a personal money judgment representing proceeds traceable to wire fraud.

3. Upon entry of this Order, the Secretary of the Treasury or her designee is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Pursuant to Title 21, United States Code, Section 853(n), the United States shall publish for at least 30 consecutive days on the government's official website, [www.forfeiture.gov](www.forfeiture.gov), notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Department of Treasury may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-described property must file a petition with the Court (and serve a copy on Stephanie C. Bradshaw, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

6. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

      /s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: July 24, 2024