# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIRZA MICHAEL REAZUDDIN,<br><br>Defendant. | Case No. 23-00067-CR-W-BP |

## STIPULATION FOR
## SETTLEMENT AGREEMENT AND RELEASE

It is hereby stipulated by and between the United States of America, by and through the United States Attorney for the Western District of Missouri, and Beermann LLP, by and through its attorney, Matthew D. Elster, as follows:

1. On April 4, 2023, Defendant Mirza Michael Reazuddin (hereinafter "Defendant") was charged in an Indictment with four counts of wire fraud, in violation of 18 U.S.C. § 1343, and seven counts of money laundering, in violation of 18 U.S.C. § 1957. (Doc. 1.)

2. The Forfeiture Allegation of the Indictment sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of any property, real or personal, constituting or derived from proceeds traceable to the wire fraud. *Id.* The Forfeiture Allegation further sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in money laundering activity, and any property traceable to such property. *Id.*

3. On December 21, 2023, the United States filed a Notice and Bill of Particulars for Forfeiture of Property, giving notice that it was seeking forfeiture of the real property located at 1925 Severbrook Place, Lawrenceville, Georgia, more fully described as:

> All that tract or parcel of land lying and being in Land Lot 83, of the 7th District, Gwinnett County, Georgia, being Lot 71, Block A, Clairemont F.K.A. Sever Creek, as per plat recorded in Plat Book 107, Page 300, and 108, Page 1, Gwinnett County, Georgia records, said plat being incorporated herein and made a part hereof by reference.

(hereinafter the "Property"). (Doc. 36.) The Bill of Particulars advised that the United States was seeking forfeiture of the Property as constituting or derived from proceeds Defendant obtained directly and indirectly as a result of wire fraud, and/or as property involved in money laundering activity or property traceable to such property. *Id.*

4. On December 21, 2023, the United States filed a *Lis Pendens* as to the Property, giving notice that the United States is seeking forfeiture of the Property in the above-captioned action. (Doc. 37.) The *Lis Pendens* was recorded with the Clerk of the Superior Court of Gwinnett County, Georgia on or about December 26, 2023.

5. On February 5, 2024, Defendant entered into a plea agreement with the United States, pursuant to which he agreed to plead guilty to one count of wire fraud and one count of money laundering. (Doc. 42.) In the plea agreement, Defendant agreed to forfeit his interest in the Property. *Id.*

6. On July 24, 2024, the Court entered a Preliminary Order of Forfeiture, which included the Property. (Doc. 63.)

7. On or about July 25, 2024, Beermann LLP recorded a lien against the Property in the amount of $28,258.06 with the Clerk of the Superior Court of Gwinnett County, Georgia.

8. Beermann LLP subsequently submitted a third-party ancillary petition to determine the validity of its interest in the Property (hereinafter the "Petition"), which is attached hereto as Exhibit A.

9. To avoid the delay, uncertainty, inconvenience, and expense of litigation, Beermann LLP and the United States agree to settle and compromise the Petition pursuant to the terms set forth herein.

10. The United States agrees that after a Final Order of Forfeiture is entered by the Court and the Property has been sold, the United States shall pay Beermann LLP the sum of $20,000 from the net proceeds of the sale. In exchange, Beermann LLP agrees that it will release its lien against the Property within ten (10) business days of the date of full execution of this Agreement.

11. Beermann LLP understands and agrees that the United States shall incur costs associated with sale of the Property. Beermann LLP agrees that it will not contest or object to the United States' costs to dispose of the Property and further agrees that all costs of sale will be paid in full first from gross proceeds of the sale.

12. Beermann LLP agrees that payment to Beermann LLP is conditioned upon the United States prevailing against any competing claims and conditioned upon net proceeds resulting from the sale. In the event the net proceeds from the sale are not sufficient to satisfy the payment contemplated by Paragraph 10 of this Agreement, and any other payment(s) to resolve any other claim(s) made to the Property in connection with the above-captioned action, the Parties agree that this Agreement will be void and will have no force or effect.

13. Beermann LLP agrees that payment pursuant to Paragraph 10 of this Agreement shall be in full settlement and satisfaction of all claims by Beermann LLP arising from and resulting from the seizure, detention, and forfeiture of the Property. Beermann LLP agrees that by entering into this Agreement, Beermann LLP waives any right to further litigate against the United States its interest in the Property and understands and agrees that this waiver includes, but is not

limited to, litigation regarding the Property in the above-captioned case.

14. Beermann LLP hereby releases and forever discharges the United States; its officers, agents, servants, and employees; and its heirs, successors, or assigns; from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or in equity which they, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of the Property.

15. This Agreement does not bind any agency of the United States on any matters not directly related to the seizure, detention, and forfeiture of the Property.

16. The United States and Beermann LLP each agree to bear their own costs and attorney's fees incurred in connection with the forfeiture and disposition of the Property. Beermann LLP further waives any and all claims or rights it has or may have pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) for attorney's fees or other costs involving the Property, arising out of the above-captioned criminal investigation and case and the forfeiture of the Property.

17. This Agreement, and any dispute arising therefrom, shall be governed by the laws of the United States. The Parties agree that, should any judicial action be required to enforce or interpret this Agreement, or to resolve any dispute hereunder, the exclusive venue for such an action shall be in the United States District Court for the Western District of Missouri.

18. For purposes of construction, this Agreement shall be deemed to have been drafted by both the Government and Beermann LLP and shall not be construed against any party for that reason in any subsequent dispute.

19. It is contemplated that this Agreement may be executed in several counterparts,

with a separate signature page for each party. All such counterparts and signature pages together shall be deemed one document.

20. This Agreement comprises all the provisions stipulated by and between the Parties in full and complete settlement of the Petition in the above-captioned action.

21. This Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any of its provisions be waived other than by a written waiver, signed by the Parties.

22. The Parties acknowledge that they have: (a) consulted with counsel before executing this Agreement; (b) have been afforded a reasonable time to consider this Agreement before executing it; (c) are competent and of sound mind and able to understand the provisions of this Agreement; (d) have read and understood the Agreement's provisions; and (e) have executed the Agreement knowingly, voluntarily, and of their own free will.

For the United States:

R. Matthew Price
United States Attorney

Date: November 18, 2025    By:    /s/ [signature]
Stephanie Bradshaw
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: stephanie.bradshaw@usdoj.gov
*Counsel for Plaintiff*
*United States of America*

For Petitioner:

Date: November 14, 2025  _____
                                            Beermann LLP
                                            *Petitioner*

Date: November 14, 2025  _____
                                            Matthew D. Elster
                                            Beermann LLP
                                            161 N. Clark Street, Suite 3000
                                            Chicago, IL 60601
                                            Telephone: (312) 621-9700
                                            E-mail: mdelster@beermannlaw.com
                                            *Counsel for Petitioner*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIRZA MICHAEL REAZUDDIN,<br><br>Defendant. | Case No. 23-00067-CR-W-BP |

**THIRD-PARTY ANCILLARY PETITION
TO DETERMINE VALIDITY OF INTEREST IN PROPERTY**

Third-Party Petitioner, **BEERMANN LLP**, files this Ancillary Petition to determine the validity, nature, extent, and priority of its interest in the real property located at 1925 Severbrook Place, Lawrenceville, Georgia (the "Property") as follows:

1. Beermann LLP is an Illinois limited liability partnership with its principal place of business in Chicago, Illinois.

2. Beermann LLP asserts a valid and enforceable interest in the Property, the nature of which is a judgment lien in the amount of $28,258.06 recorded against the Property on or about July 25, 2024 with the Clerk of the Superior Court of Gwinnett County, Georgia.

3. Beermann LLP's interest was acquired by virtue of a money judgment entered in its favor and against the Defendant on October 23, 2023 by the Circuit Court of Cook County, Illinois.

WHEREFORE, Third-Party Petitioner, Beermann LLP, respectfully requests that this Honorable Court enter an Order:

a. Adjudicating its interest in the Property;

b. Declaring the validity, nature, extent, and priority of said interest;

c. Requiring that any final judgment or sale of the Property be made subject its interest in the Property; and

d. Granting it such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: November 14, 2025

/s/ *Matthew D. Elster*
Attorney for Third-Party Petitioner
**Beermann LLP**
161 N. Clark Street, Suite 3000
Chicago, IL 60601
Telephone: (312) 621-9700
E-mail: mdelster@beermannlaw.com